## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| GAYE LYNN SCHAFFART, | ) | Case No.:  8:09CV367 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **STIPULATED PROTECTIVE ORDER** |
| | ) | |
| ONEOK, INC., | ) | |
| | ) | |
| Defendant. | ) | |

THIS MATTER having come for consideration pursuant to the agreement of the parties, Plaintiff Gaye Lynn Shaffart and Defendant ONEOK, Inc. as evidenced by the signatures of their respective counsel below, for entry of a Protective Order to preserve the confidentiality of certain documents and records to be produced to the opposing party or parties or their respective legal counsel.

Being fully advised in the premises and pursuant to Fed. R. Civ. P. 26(c), the Court hereby ORDERS as follows:

1.      Any party may designate as confidential any documents produced or information exchanged between the parties that contain confidential, personal, or proprietary information ("Confidential Information").  Such information may be designated as "confidential" in the following manner:

      a.      By imprinting the word "confidential" on the first page or cover of any document produced;

      b.      By imprinting the word "confidential" next to or above any answer to any Interrogatory;

      c.      With respect to electronic information, by noting in a separate writing, or in answer to any discovery request or disclosure under Fed.R.Civ.P 26, that such information is designated as "confidential".

      d.      With respect to deposition testimony, in whole or in part, by indicating on the record at the deposition or through notice to all parties within fifteen (15) days from the receipt of the transcript.

2.      All documents and information designated as "confidential" pursuant to this

Order shall be subject to the following restrictions:

      a.      They shall be used only for the purpose of this litigation and not for any business or other purposes whatsoever;

      b.      They shall not be communicated or disclosed in any manner, either directly or indirectly, to anyone other than:

      (1)      The attorneys of record and persons employed by them;

      (2)      Outside experts who have prior to disclosure, signed the Nondisclosure Agreement attached to this Order;

      (3)      The parties;

      (4)      This Court and Court personnel; and

      (5)      Such other persons as the Court may specifically approve after notice and hearing.

      c.      That all information designated as "Confidential Information" in whatever format shall be furnished only under the terms of this Protective Order and shall be treated by all persons to whom Confidential Information is disclosed and all persons accorded access pursuant to this Protective Order as constituting Confidential Information and shall neither be used nor disclosed except for the purpose of this litigation, and solely in accordance with this Protective Order or subsequent order of the Court.

      d.      Individuals authorized to review Confidential Information pursuant to this Protective Order shall hold such information in the strictest confidence and shall not divulge the information, either verbally or in writing, to any other person, entity or government agency unless authorized by Defendant or order of the Court.

      e.      Discovery, testimony, exhibits and other material filed with the Court, including, *inter alia*, transcripts of depositions, exhibits, briefs, and memoranda, which comprise or contain information designated as "confidential" pursuant to this Order, that are electronically filed with this Court on the ECF website shall be filed as restricted documents pursuant to the local rules.  Before trial, counsel for the parties shall agree to the

appropriate means to protect the confidentiality of the information that counsel desire to present at trial.  If counsel cannot reach an agreement, they shall apply to the Court for resolution of the issue.

f.      There shall be no reproduction whatsoever of any confidential documents or information, except that, as required in the course of this litigation, copies, excerpts or summaries may be shown or given to those persons authorized by this Protective Order to receive such documents or information.

3.      Acceptance by a party of any information, document or thing identified as "confidential" hereunder shall not constitute a concession that the information, document or thing is confidential.  If, subsequent to the acceptance of information or documents identified as confidential, a party wishes this Court rule upon the designating party's claim of confidentiality, that party may move this Court for such determination.  In the resolution of such motion, the burden of establishing the confidentiality of the information or documents shall be on the party who made the claim of confidentiality.  However, materials designated as confidential shall be treated as such pending resolution of the motion by the Court.  Nothing herein shall preclude either party from challenging in court the confidential status of any document.

4.      In the event that a party shall desire to provide access to information or documents identified as "confidential" hereunder to any person or category of persons not identified above, it shall move this Court for an order that such a person or category of persons may be given access to the information.  In the event that the motion is granted, such person or category of persons may have access to the information, provided that such person or persons have agreed in writing before such access is given to be bound by the terms of this Protective Order, or other conditions as the Court may order.

5.      Upon final termination of this action, including all appeals, all confidential documents, and any other confidential information, provided in discovery, including any copies,

excerpts, or summaries thereof that have been prepared by the parties, their counsel, and other

persons or entities retained to assist either of the parties in this litigation, shall be returned to

disclosing counsel or destroyed.  No copies shall be retained by a non-disclosing party's counsel

or other individuals retained to assist them in this litigation.  The language contained in this

paragraph shall not preclude counsel from retaining documents constituting attorney work

product as defined by applicable law.  In the event copies of Confidential Information provided

in discovery, including any copies or excerpts or summaries thereof, contain counsel's work

product, counsel shall obliterate its work product and return such documents to disclosing

counsel in accordance with the provisions of this paragraph.

DATED this 29thday of March, 2010, at Omaha, Nebraska.

BY THE COURT:

/s/ Lyle E. Strom

LYLE E. STROM, Senior Judge
United States District Court

Approved as to Form and Content:

/s/ Bryan S. Hatch
Bryan S. Hatch, #21009
STINSON MORRISON HECKER LLP
1299 Farnam Street
Suite 1501
Omaha, NE 68102
(402) 930-1709
Attorneys for Defendant

/s/ Thomas F. Hoarty, Jr.
Thomas F. Hoarty, Jr.,  #11863
BYAM & HOARTY
317 American National Building
8990 West Dodge Road
Omaha, NE 68114
(402) 397-0303
Attorneys for Plaintiff

## NONDISCLOSURE AGREEMENT

I, _____, certify that I have read the Protective Order entered in the case of _____.  I understand the terms of that Protective Order and I agree to be bound by its terms.

_____