IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| GAYE LYNN SCHAFFART, | ) | |
| | ) | |
| Plaintiff, | ) | 8:09CV367 |
| | ) | |
| v. | ) | |
| | ) | |
| ONEOK, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |
| JERRY PETERS, | ) | |
| | ) | |
| Plaintiff, | ) | 8:09CV368 |
| | ) | |
| v. | ) | |
| | ) | |
| ONEOK, INC., | ) | MEMORANDUM OPINION |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court upon plaintiff Gaye Lynn Schaffart's and Jerry Peters' (hereinafter referred to as "plaintiffs" or "Schaffart" and "Peters") joint motion for award of attorneys fees (Filing No. 119 in Schaffart, Filing No. 133 in Peters).  Plaintiffs claim they are entitled to a 25% attorney's fee award under Neb. Rev. Stat. § 48-1229(4) and § 48-1231 because at trial, both plaintiffs testified the performance shares and restricted stock awards at issue were a component of their overall compensation, making them "wages."  The defendant ONEOK, Inc. (hereinafter referred to as "defendant" or "ONEOK") disputes plaintiffs' claim for an attorney's fee award and asserts the performance shares and restricted stock awards are

not "wages" under § 48-1229(4).  Defendant also prays for costs and fees associated with opposing this motion in its response brief.  After reviewing the relevant law, the Court finds the performance shares and restricted stock awards are not wages under § 48-1229(4), and plaintiffs are not entitled to a 25% attorney's fee award.

Schaffart and Peters ended their employment with ONEOK in 2006 and 2007 respectively.  Thus, in analyzing this issue, the Court must construe the meanings of § 48-1229(4) and § 48-1231 prior to their 2007 amendments.  The unamended version of § 48-1231 provides:

> An employee having a claim for wages . . . may institute suit for such unpaid wages in the proper court.  If an employee establishes a claim and secures judgment on the claim, such employee shall be entitled to recover . . . (2) . . . an amount for attorney's fees assessed by the court, which fees shall not be less than twenty-five percent of the unpaid wages.

The unamended version of § 48-1229(4) provides:

> Wages means compensation for labor or services rendered by an employee, including fringe benefits, when previously agreed to and conditions stipulated have been met by the employee, whether the amount is determined on a time, task, fee, commission, or other basis.  Wages includes commissions on all orders delivered and all orders on file with the employer at the time of termination of

>               employment less any orders returned
>               or canceled at the time suit is
>               filed.

The Court is faced with three issues of statutory construction: (1) whether the performance shares and restricted stock awards issued by ONEOK were "compensation for labor or services rendered by an employee . . . including fringe benefits," (2) whether plaintiffs "agreed to" the shares and awards and whether (3) "all conditions stipulated [under the shares and awards were] met," making them wages. *See* § 48-1229(4). Plaintiffs claim that the performance shares and restricted stock awards should be considered "wages" pursuant to § 48-1229(4) must fail. Regardless of what plaintiffs claim the performance shares and restricted stock awards are, plaintiffs forfeited any right they had to payment under these agreements. As defendant asserts, plaintiffs' claim for a pro-rata distribution under the performance shares and restricted stock awards was not made in the course of performing "labor or services" for defendant; their claim is based upon the manner which their employment with defendant ended.

The agreements governing the shares and awards provide exceptions for a pro-rata distribution in the case of forfeiture of all rights to the shares and awards. Even if plaintiffs forfeited their rights, if the reason their employment with defendant ended was due to (1) total disability, (2) death,

(3) retirement, and for some of the agreements (4) an involuntary termination, plaintiffs were eligible for a pro-rata distribution under the agreements.  Thus, any pro-rata distribution plaintiffs received under the agreements cannot be colored as "labor or services" rendered to defendant.  It is a payment that was due under an exception to the agreements because of circumstances surrounding the end of plaintiffs' employment with defendant.

Plaintiffs assert (without citing to any relevant authority) that if the Court does not consider the pro-rata distribution under the agreements "compensation for labor or services," the distribution should be considered a "fringe benefit" pursuant to § 48-1229(4).  The Court finds this claim must also fail.  The pro-rata distributions were not an additional non-wage form of compensation.  They were payments defined through exceptions to forfeited performance shares and restricted stock awards that were due to plaintiffs because of the circumstances surrounding the end of their employment with defendant.  As the Court has answered the first issue of statutory construction in the negative, it finds it is unnecessary to address the other two issues.  Thus, the Court finds plaintiffs are not entitled to an award of attorney's fees

under § 48-1229(4) and § 48-1231.  A separate order will be entered in accordance with this memorandum opinion.

DATED this 22nd day of December, 2010.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court